UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHELLE MARTINDALE, | No. 2:13-cv-1743 CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born June 11, 1972, applied on September 24, 2010 for SSI, alleging disability beginning January 1, 2005. Administrative Transcript ("AT") 154. Plaintiff alleged she was unable to work due to pituitary tumor, polycystic ovarian syndrome, cyst on right ovary, Epstein-Barr virus, endometriosis, post-traumatic stress disorder (PTSD), panic anxiety disorder, paranoia, sleep disorder, and depression. AT 157. In a decision dated April 27, 2012, the ALJ

1

determined that plaintiff was not disabled.[1]  AT 15-24.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since September 24, 2010, the application date.
>
> 2. The claimant has the following severe impairments:  non-cancerous pituitary tumor, and polycystic ovarian syndrome, cyst on right ovary, fibromyalgia with Epstein-Barr virus, and endometriosis.
>
> 3. At no time relevant did claimant have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76,  416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

    4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work [as defined in the regulations] except claimant cannot climb ladder/rope/scaffolds, she is limited to occasional stooping, crouching, crawling, or kneeling. She [is] limited to only occasional exposure to direct sunlight.

    5. The claimant has no past relevant work.

    6. The claimant was born on June 11, 1972 and was 38 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

    7. The claimant has at least a high-school education and is able to communicate in English.

    8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills.

    9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

    10. The claimant has not been under a disability, as defined in the Social Security Act, since September 24, 2010, the date the application was filed.

AT 17-24.

ISSUES PRESENTED

Plaintiff argues that the ALJ improperly discredited her testimony and the third party report of her husband.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving

ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff contends the ALJ improperly discredited her testimony of disabling pain and fatigue. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d

1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff testified that although she had worked as a cashier in the past, she could not presently perform such work because she gets too stressed out and too anxious.  AT 44.  She further testified that she walks a mile or up to two or three miles every other week or so for exercise, depending on her pain tolerance and that she goes places four or five days a week.  AT 45-47.  Plaintiff also testified that she cooks, does laundry, and makes the bed.  AT 48.  The "number one thing that prevents [plaintiff] from being able to work" is "pain and the cyst in [plaintiff's] ovary in [her] right side."  AT 57.  The pain affects her ability to do daily activities.  AT 58.  Plaintiff's tendonitis allows her to "do a lot of stuff" during the day but primarily affects her at night because it wakes her up from her hand going numb.  AT 59.  Due to her heavy menses, plaintiff is prevented from doing anything but sitting several days a month.  AT 60-61.  Plaintiff further testified that she is consistently tired and finds herself nodding off.  AT 61.

In addressing plaintiff's subjective complaints, the ALJ accurately summarized plaintiff's testimony.  AT 19.  In finding plaintiff not completely credible, the ALJ gave plaintiff "the benefit of doubt" and assessed a residual functional capacity for light work but with postural restrictions and limited to only occasional exposure to direct sunlight to accommodate plaintiff's symptoms and reduced functioning.  The ALJ considered the extremely limited objective findings

as unsupportive of plaintiff's claim that she is totally disabled. AT 22. This factor is supported by substantial evidence in the record. AT 292-293 (no spinal tenderness, straight leg raise test negative, range of back motion within normal limits, no evidence of tenderness to palpation of wrists, range of motion grossly normal bilaterally); 328, 387, 486, 491 (walks unassisted, psychiatric observations normal); 350 (CT scan showed only scattered changes of degenerative disc disease). The ALJ also considered the lack of or minimal treatment for plaintiff's allegedly disabling conditions of carpal tunnel syndrome or fibromyalgia and properly rejected the opinion of plaintiff's treating physician as unsupported by the record and plaintiff's own testimony. AT 22. The ALJ also correctly noted that plaintiff's pituitary tumor was benign and not active, that her hypothyroidism is controlled as long as plaintiff is medication compliant, and that plaintiff did not report any disabling side effects from medication. AT 22, 52, 328, 377, 387, 456, 514. Also considered by the ALJ were plaintiff's activities of daily living, which demonstrated more functionality than claimed by plaintiff. AT 22, 48-52 (plaintiff admitted she walked up to two or three miles for exercise, did chores around the house, cooked, and was able to bathe and dress herself). Inconsistencies in plaintiff's testimony were also factored into the credibility analysis. AT 23, 49 (plaintiff testified impairments were so severe, was painful to walk but also testified she walked for exercise). The factors set forth by the ALJ for discrediting plaintiff are valid, clear and convincing, and supported by substantial evidence. The ALJ's credibility finding will not be disturbed.

      Plaintiff also contends the ALJ improperly discredited the statements of plaintiff's husband. "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent to testify to condition). "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919.

/////

Plaintiff's husband filled out a third party function report in which he reported extreme restrictions on plaintiff's daily functioning. AT 198-205. The ALJ discredited these statements as inconsistent with plaintiff's own testimony regarding her functionality and also as internally inconsistent with the husband's own observations. AT 19. The reasons given for rejecting the husband's testimony are germane as to this witness. See, e.g., Carmickle v. Comm'r, 533 F.3d 1155, 1164 (9th Cir. 2008) (ALJ properly rejected testimony of laywitness as inconsistent with plaintiff's demonstrated activities). The ALJ also noted the relationship between plaintiff and the laywitness and the possibility that the husband may have a significant interest in bolstering plaintiff's allegations. AT 20. While there appears to be little evidence in the record that the husband's statements were motivated solely by his interest in obtaining access to plaintiff's disability benefits, consideration of the relationship between the plaintiff and the third party is permissible in evaluating third party testimony. See Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ gave germane reasons in rejecting laywitness testimony including "close relationship" with plaintiff). The ALJ's reasons for discrediting the testimony of plaintiff's husband are germane as to him; there was no error in according this evidence minimal weight.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is granted; and

3. Judgment is entered for the Commissioner.

Dated: August 21, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 martindale.ss